# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JIMMY O. CALDERON,**

        **Plaintiff,**

**-vs-**                                                        **Case No. 6:13-cv-630-Orl-18DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Supplemental Security Income. For the reasons that follow, it is **respectfully recommended** that the decision be **AFFIRMED.**

## Procedural History

Plaintiff filed an application for Supplemental Security Income benefits on November 12, 2010, alleging disability beginning May 27, 2008 (R. 129-137). The Commissioner denied the applications initially and on reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 72-76, 78-80, 29-51). On August 23, 2012, the ALJ found that Plaintiff was not disabled (R. 11-28). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1-5), making the decision of the ALJ the final decision of the Commissioner.

Plaintiff filed his Complaint in this Court, and the matter has been referred to the undersigned for a recommendation. The Commissioner's final decision is now ripe for review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

## Summary of Evidence Before the ALJ

Plaintiff was forty two years of age at the time of the ALJ's decision (R. 129), with at least some high school education[1] and no past work experience of any kind (R. 313 – "states he has never worked in his life"). In this, his fifth application for benefits (R. 14, 36), Plaintiff alleged disability due to glaucoma, ankle problems, lower back problems, bilateral carpal tunnel syndrome, contusions, sleep apnea, reflux, neck pain, subgaleal hematoma, head trauma, and irritable bowel syndrome (R. 159).

In the interest of privacy and brevity the evidence set forth in the ALJ's decision will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine and irritable bowel syndrome (20 CFR 416.920(c)) (R. 16), but found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 17). The ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 416.967(b)" (R. 17). The ALJ recognized that Plaintiff had no past work (R. 22), and, relying on the Medical-Vocational Guidelines ("the Grids") at 20 C.F.R. pt. 404, subpt. P, app. 2, the ALJ determined that Plaintiff's RFC allowed him to adjust to other work and, therefore, he was not disabled (R. 22-23).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

---

[1] At hearing, Plaintiff testified that he completed "like 10 or 11th" grade, but did not obtain a GED (R. 35). In his papers, however, he claimed that he completed 12th grade (R. 160).

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises two objections to the administrative decision; contending that is not supported by substantial evidence as the ALJ failed to account for limitations resulting from Plaintiff's irritable bowel syndrome, and asserting that the ALJ failed to properly evaluate a consultant's opinion.

The Court reviews Plaintiff's objections in the context of the five step sequential evaluation that the ALJ must follow in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's

impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through step 4, while the burden shifts to the Commissioner at step 5. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The issues complained of here involve formulation of the RFC, at steps 2-4. Thus, for the purpose of this review, the burden of persuasion rested with Plaintiff.

**Step 2 Standards and Formulating the RFC**

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[2] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. A mere diagnosis is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide

---

[2]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b).

substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities.

Plaintiff contends that the ALJ erred in failing to account for the functional limitations of Plaintiff's irritable bowel syndrome ("IBS") in formulating the RFC. According to Plaintiff, as the ALJ found the IBS to be "severe" at step 2, that must mean that his IBS resulted in significant functional limitations. As no such limitations are included in the RFC, Plaintiff claims error. The Court is not persuaded.

As noted by the Commissioner, a step 2 finding and an RFC finding are two different creatures. *See Augusto v. Commissioner of Social Sec.,* No.6:06–cv–1889–Orl–DAB, 2008 WL 186541, at *4 (M.D. Fla. Jan.18, 2008) ("The ALJ's determination that Plaintiff's depression is "severe" at step two does not equate with a finding that [it] significantly impacted her ability to do work at step five."). A step 2 finding is not a finding of disabling limitations; rather, it reflects the existence, and not the full extent, of a more than minimal impairment or combination of impairments.

A claimant's burden at step 2 is light. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986). As another court in this district recently noted:

> By its own terms, the evaluation at step two is a *de minimis* test intended to weed out the most minor of impairments. *See Yuckert,* 482 U.S. at 153–154; *Augusto v. Comm'r of Soc. Sec.*, No. 6:06–cv–1889–Orl–DAB, 2008 WL 186541, at *5 (M.D.Fla. Jan.18, 2008) ("The 'severe' impairment threshold of step two is a *de minimis* hurdle ... employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." (*quoting Lane v. Astrue*, No. 3:06–CV–445, 2008 WL 53706, at *7 (E.D.Tenn. Jan.3, 2008))).

*Sarrach v. Colvin,* No. 8:12–cv–00784–T–27AEP, 2013 WL 4889729, *4 (M.D. Fla. September 11, 2013). Here, the ALJ found that Plaintiff's IBS was severe at step 2; that is, the impairment was not totally groundless; and proceeded forward with the sequential evaluation. "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, *whether or not it qualifies as a disability* and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (emphasis added). There is no basis to impute disabling limitations from this step 2 finding.

In formulating the RFC at the next step, the ALJ must fully account for all credible limitations arising from all impairments.[3] Although Plaintiff contends that the existence of the IBS impairment necessarily implies significant functional limitations arising from it, the only limitation he identifies is the need for frequent restroom breaks. The Court finds this limitation was adequately considered by the ALJ.

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on

---

[3]The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

As Plaintiff acknowledges, the ALJ discussed the records and testimony regarding his IBS, and concluded that Plaintiff's allegations of limitations from this impairment were not credible and were not supported by the medical evidence (R. 19). In so finding, the ALJ noted Plaintiff's normal colonoscopy, the treatment advice to simply increase fiber intake with anticipated good results, and the specialist's opinion that intermittent problems were due to non-compliance with this advice (R. 19-20). The ALJ also noted the lack of any bowel complaints to Plaintiff's most recent healthcare provider, Plaintiff's normal physical examinations, and Plaintiff's ability to sit through the hearing without incident (R. 20).[4] As these reasons are supported by the substantial record evidence cited by the ALJ, the credibility finding comports with the legal standard. There is no error shown.

### Dr. Lester's Opinion

Plaintiff next complains that the ALJ failed to follow correct legal standards in his evaluation of state agency examining consultant, Dr. Donna Lester. Plaintiff saw Dr. Lester for a consultative physical examination on February 5, 2011 (R. 426-429). Dr. Lester stated that Plaintiff gave "very poor effort throughout the whole exam," and, therefore, it was "very difficult to truly give an opinion as to the level of his disability" (R. 429). She further stated that Plaintiff could "probably" sit and stand for 15 to 20 minutes each but cautioned that, since Plaintiff "refused to cooperate with so much of the exam, it was very difficult to give a complete determination" (R. 429). Dr. Lester opined that Plaintiff's "pain level was out of proportion to his physical exam" (R. 429). Plaintiff contends that the ALJ's failure to credit Dr. Lester's finding that Plaintiff could sit or stand for periods of time between fifteen and twenty minutes is error.

---

[4] The thorough examination of this impairment distinguishes this case from *Raduc v. Commissioner of Social Sec.*, 380 Fed.Appx. 896 (11th Cir. 2010), the unpublished decision cited by Plaintiff.

Title 20 C.F.R. §404.1545(a)(3) requires the ALJ to consider all medical evidence when formulating a residual functional capacity. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Here, the ALJ noted the examination and referred to it repeatedly in his administrative decision (R. 19-21). The ALJ did not, however, credit opinions regarding function in the report as he concluded that "Dr. Lester was unable to accurately assess the claimant's abilities because of the claimant's poor effort throughout the examination" (R. 21). As noted above, this finding accurately reflects Dr. Lester's statement. As the ALJ considered the report of Dr. Lester, clearly articulated grounds for not crediting the tentative opinions, and those grounds are supported by substantial evidence,[5] the ALJ complied with *Winschel* and no error is shown. *See Edwards, v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) ("Doctor Edwards candidly conceded that he was not sure that he could objectively assess Claimant Edwards' condition. If a treating physician is unsure of the accuracy of his findings and statements, there is certainly no legal obligation for the ALJ to defer to the treating physician's report.").

---

[5] *See also* R. 38-40.

      The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, it **respectfully recommends** that the decision be affirmed.

## Conclusion

      For the reasons set forth above, it is **recommended** that the administrative decision be **AFFIRMED.**  If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly and close the file.

      Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

      Recommended in Orlando, Florida on March 6, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy